**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LARRY COFFMAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:06CV474(CAS) |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Defendants. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Larry Coffman, a civil detainee under Missouri's Sexually Violent Predators Act (SVPA), Missouri Revised Statute §§ 632.480 - .513, for leave to commence this action without prepayment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion to appoint counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief

1

can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Liberally construing the complaint, plaintiff seeks damages and/or immediate release from confinement. It appears that plaintiff challenges the constitutionality of the SVPA both on its face and as applied to him. Furthermore, it appears that plaintiff seeks a declaration that the 2004 amendments to Missouri Revised Statute § 632.498 - which concern the annual

review of his confinement - are unconstitutional. Alan Blake is named as sole defendant.

## Discussion

### A. Unconstitutionality of SVPA and claim for immediate release from confinement.

Plaintiff's claim that the SVPA is unconstitutional on its face or as applied to him should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). First, to the extent that plaintiff seeks immediate release from confinement, an application for a federal writ of habeas corpus, not a civil action pursuant to 42 U.S.C. § 1983, is plaintiff's sole federal remedy. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). Because there is no indication that plaintiff exhausted his available state remedies, 28 U.S.C. § 2254(b)(1)(A), plaintiff's claim for immediate release must be dismissed without prejudice.

Second, to the extent that plaintiff seeks damages stemming from his allegedly unconstitutional confinement, plaintiff has failed to state a claim upon which relief may be granted. A judgment awarding plaintiff damages for being illegally confined would necessarily call into question the validity of his confinement. Consequently, plaintiff cannot proceed on his damages claim unless and until the judgment finding that he is a sexually violent predator has been reversed or otherwise called into question. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Lastly, plaintiff may not assert an "as applied" claim challenging the constitutionality of the SVPA. See Seling v. Young, 531 U.S. 250, 262 (1991) (rejecting as unworkable an "as applied" challenge to civil detention statute because the particular circumstances of a specific detention are so varied - and vary over time - that it would be impossible to make a final determination that civil detention was constitutional).

**B. 2004 Amendments to Mo. Rev. Stat. § 632.498.**

The Court notes that plaintiff, through counsel, has filed an identical action in state court challenging the validity of the 2004 amendments to Mo. Rev. Stat. § 632.498 on both state and federal constitutional grounds. Indeed, plaintiff has simply taken the pleadings prepared by counsel in connection with that state court action, redacted counsel's signature, changed the captions, and attached the pleadings to the instant complaint. The state court action - which predates the instant action - is still pending before the state probate court. See In re Larry L. Coffman, Case No. 00MH500228 (22nd Judicial Circuit, Probate Division). Because plaintiff already has a state court action challenging the validity of the 2004 amendments to Mo. Rev. Stat. § 632.498 on federal constitutional grounds, this Court will abstain from addressing the constitutionality of the 2004 amendments. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(E)(2)(b).

**IT IS FURTHER ORDERED** that the motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 4th day of April, 2006.

_____

**UNITED STATES DISTRICT JUDGE**